**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DIAMOND ACADEMY, INC. | : |
|    *Plaintiff,* | : Case No. |
| | : |
| v. | : Judge: |
| | : |
| VBC HOLDING CORP., INC. | : |
| | : **JURY DEMAND ENDORSED** |
|    *Defendant.* | : **HEREON** |

**COMPLAINT**

Plaintiff Diamond Academy, Inc. ("Diamond Academy") for its Complaint against VBC Holding Corp., Inc. ("VBC"), states and alleges as follows:

**PARTIES**

1. Diamond Academy is a corporation organized under the laws of Canada with its principal place of business at 40 Marni Lane, Phelpston, ON L0L2K0.

2. VBC is a corporation organized under the laws of Delaware with its principal place of business at 311 W. 43rd St., Fl 11, New York, NY 10036.

**JURISDICTION AND VENUE**

3. Diamond Academy seeks declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, to determine its rights and liabilities with respect to a claims arising under the Convertible Promissory Notes in Series 2023A–007 and 2023A–008 issued to Diamond Academy (the "Notes").

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) on the basis that it is an action where the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, Diamond Academy is a citizen or subject of a foreign

state, and there is diversity of citizenship between Diamond Academy and VBC as Diamond Academy is not domiciled in New York.

5. This court has personal jurisdiction over VBC because its principal place of business is in New York, New York.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1) and (2).

## FACTUAL BACKGROUND

7. VBC is an organization in the private capital market industry.

8. Diamond Academy is a professional training and coaching company. The firm offers programs to increase individuals' success. Its services include coaching programs, workshops, and resources for personal development.

### A. Convertible Promissory Note Series 2023A–007 - Note 1

9. On May 21, 2024, VBC and Diamond Academy executed Convertible Promissory Note Series 2023A–007 ("Note 1") for the principal amount of $1,500,000 wherein Diamond Academy paid VBC $1,500,000 in exchange for simple interest at a rate of 10% per annum. Note 1 is attached as Exhibit A and incorporated herein.

10. Note 1 is governed by Delaware law per Section 8(f).

11. Note 1 was fully funded pursuant to the terms of the Note.

12. Section 5 of Note 1 is titled "Access to Corporate and Financial Health Information." Section 5 states:

   a. 5(a): The Company hereby agrees to provide the holder with initial and ongoing continuous access to the corporate and financial health information of the Company and its subsidiaries through its Private Market Intelligence System for

> the life of the holder's investment in the company as set forth in Point 5 of this agreement.
>
> b. 5(b): In the event of any interruptions in access to the corporate and financial health information, the Company shall promptly notify the holder and provide a detailed explanation. The Company shall make reasonable efforts to restore and maintain access to the information as soon as possible in accordance with this clause.

13. Diamond Academy has repeatedly requested VBC's corporate and financial health information.

14. To date, VBC has not shared corporate and financial information with Diamond Academy either independently or in response to Diamond Academy's requests. Indeed, the Private Market Intelligence System referenced in Section 5(a) does not contain information about the finances or health of VBC.

15. Section 7 of Note 1 is titled "Quarterly Shareholder/Investor Meetings." Section 7 states:

> a. 7(a): The Company shall hold quarterly shareholder/investor meetings, providing investors, shareholders, note holders or their representatives with the opportunity to ask questions, seek clarifications, and discuss matters related to the operations and management of the Company and its subsidiaries.
>
> b. 7(b): The Company shall provide reasonable notice of the meeting dates, times, and locations, allowing investors or their representatives to participate either in person or through virtual means.

    c. 7(c): The Company shall make reasonable efforts to address the questions and concerns raised during the meetings and provide accurate and timely information to the extent permitted by applicable laws and regulations.

16. To date, VBC has held no shareholder/investor meetings in accordance with Section 7 of Note 1.

17. In late 2025, Diamond Academy became aware that VBC was experiencing cash flow issues that may prevent it from meeting its financial obligations.

18. In early 2026, Diamond Academy sent several correspondences to VBC requesting documents related to VBC's financial health, including: (1) executed historically black college and university contracts, (2) implementation status updates, (3) current financials for the company, (4) a current staffing/contractor list, and (5) details of a solution for current financial concerns. *See* Exhibit C.

19. To date, VBC has not sent Diamond Academy the requested information or any other corporate or financial health information or conducted the required meetings pursuant to Note 1.

20. Diamond Academy has made a significant investment in VBC, and Diamond Academy has an obligation to its shareholders to exercise reasonable diligence in monitoring Diamond Academy's investment.

**B. Convertible Promissory Note Series 2023A–008 - Note 2**

21. On August 5, 2024, VBC and Diamond Academy executed Convertible Promissory Note Series 2023A–008 ("Note 2"), for the principal amount of $1,000,000 wherein Diamond Academy funded VBC in exchange for simple interest at a rate of 10% per annum. Note 2 is attached as Exhibit B and incorporated herein.

22. Note 2 is governed by Delaware law per Section 8(f).

23. Because the principal amount of Note 2 was $1,000,000 and Diamond Academy only remitted $445,000 to VBC, Note 2 was not fully funded.

24. Section 8(l) of Note 2 states "[t]his Note shall be void and of no force or effect in the event that the Holder fails to remit the full principal amount to the Company within five calendar days of the date of this Note."

25. The date of Note 2 was August 5, 2024.

26. Despite this, VBC did not provide Note 2 to Diamond Academy, nor did any party sign Note 2, until December 9, 2024. This was more than five days after the date of Note 2, so there was no way Diamond Academy could fully fund Note 2 within the timeframe identified in Note 2 itself.

27. Because Diamond Academy did not remit the full principal amount of Note 2 within five days of the date of Note 2, it is void.

28. VBC, however, has not returned $445,000 to Diamond Academy.

### COUNT I – DECLARATORY JUDGMENT – NOTE 1

29. Diamond Academy repeats and re-alleges all of the allegations set forth above as if fully set forth herein.

30. Pursuant to Section 5(a) of Note 1, VBC covenanted that "[VBC] hereby agrees to provide the holder with initial and ongoing continuous access to the corporate and financial health information of the Company and its subsidiaries through its Private Market Intelligence System for the life of the holder's investment in the company. . ."

31. Pursuant to Section 5(b) of Note 1, VBC further covenanted that "[i]n the event of any interruptions in access to the corporate and financial health information, the Company shall promptly notify the holder and provide a detailed explanation."

32. Pursuant to Section 7(a) of Note 1, VBC further covenanted that "[t]he Company shall hold quarterly shareholder/investor meetings, providing investors, shareholders, note holders or their representatives with the opportunity to ask questions, seek clarifications, and discuss matters related to the operations and management of the Company and its subsidiaries.

33. VBC is therefore required by the terms in Note 1 to provide VBC's corporate and financial health information. This includes the information requested by VBC several times: (1) executed historically black colleges and university contracts, (2) implementation status updates, (3) current financials for the company, (4) a current staffing/contractor list, and (5) details of a solution for current financial concerns. **See** Exhibit C.

34. To date, VBC has not sent Diamond Academy the requested information.

35. VBC has therefore failed to comply with its covenants in Sections 5 and 7 of Note 1.

36. There is an actual controversy between VBC, on one hand, and Diamond Academy, on the other, with respect to whether VBC is obligated to provide the corporate and financial health information requested by Diamond Academy.

37. Diamond Academy therefore seeks a declaration pursuant to 10 Del. C. § 6501 et seq. that VBC has not complied with the covenants set forth in Sections 5 and 7 of Note 1. Diamond Academy is therefore entitled to the information requested in the Note.

## **COUNT II – BREACH OF CONTRACT – NOTE 1**

38. Diamond Academy repeats and re-alleges all of the allegations set forth above as if fully set forth herein.

39. Diamond Academy and VBC entered into Note 1, which was fully funded.

40. VBC breached Note 1 by not providing Diamond Academy with the requested financial and corporate health information.

41. As a result of VBC's breach, Diamond Academy has suffered damages in an amount in excess of $75,000, the specific amount to be proven at trial.

## **COUNT III – DECLARATORY JUDGMENT – NOTE 2**

42. Diamond Academy repeats and re-alleges all of the allegations set forth above as if fully set forth herein.

43. Note 2 had a principal amount of $1,000,000 that Diamond Academy was expected to fully fund.

44. Pursuant to Section 8(l) of Note 2, Note 2 "shall be void and of no force or effect in the event that [Diamond Academy] fails to remit the full principal amount to [VBC] within five calendar days of the date of this Note."

45. The date of Note 2 was August 5, 2024.

46. Diamond Academy did not provide the full $1,000,000 to VBC by August 9, 2024, but instead provided a total of $445,000 to VBC.

47. VBC accepted these funds.

48. Pursuant to Section 8(l) of Note 2, because Note 2 was not fully funded, it should be void and VBC should return any and all funds provided by Diamond Academy.

49. There is an actual controversy between VBC, on one hand, and Diamond Academy, on the other, with respect to whether Note 2 is void and Diamond Academy's funds should be returned.

50. Diamond Academy therefore seeks a declaration pursuant to 10 Del. C. § 6501 et seq. that VBC has not complied with the covenants set forth in Section 8 of Note 2. Diamond Academy entitled to a declaration that Note 2 is void and that its $445,000 should be returned.

## COUNT IV – BREACH OF CONTRACT – NOTE 2

51. Diamond Academy repeats and re-alleges all of the allegations set forth above as if fully set forth herein.

52. Diamond Academy and VBC entered into Note 2, which was partially funded.

53. Under the terms of Note 2, Diamond Academy was not required to fully fund the Note. The Note was voidable if it was not fully funded within five days of execution. See Section 8(l) of Note 2, attached as Exhibit B.

54. VBC breached Note 2 not returning the funds Diamond Academy provided to it pursuant to Note 2 when the Note was voided.

55. In the alternative, if the Note was not voided, VBC breached Note 2 by not providing Diamond Academy with the requested financial and corporate health information.

56. As a result of VBC's breach, Diamond Academy has suffered damages in an amount in excess of $75,000, the specific amount to be proven at trial.

## COUNT V – UNJUST ENRICHMENT – NOTE 2

57. Diamond Academy repeats and re-alleges all of the allegations set forth above as if fully set forth herein.

58. VBC was unjustly enriched as a result of Diamond Academy's partial funding of Note 2.

59. Note 2 is now void pursuant to Section 8(l) of Note 2.

60. VBC lacked justification to retain the funds Diamond Academy invested when Note 2 was deemed void per the terms of Note 2.

61. Equity entitles Diamond Academy to recover from VBC the unjust benefits it received as a result of Diamond Academy's investment.

62. Diamond Academy has no adequate remedy at law.

63. As a result of VBC's unjust enrichment, Diamond Academy has suffered damages in an amount in excess of $75,000, the specific amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Diamond Academy respectfully requests that this Court:

A) Declare that VBC is obligated to abide by Note 1, and provide Diamond Academy the requested financial health documents and conduct the meetings required by Note 1;

B) Declare that Note 2 is void and that VBC must return all $445,000 contributed by Diamond Group;

C) Award compensatory damages in excess of $75,000.00;

D) Award interest, costs, and attorney's fees as permitted by law; and

E) Provide all such other relief that this Court finds just and equitable.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all applicable issues, claims and/or defenses.

*/s/ Jay L. Levine*
Jay L. Levine (242417)
Porter Wright Morris & Arthur LLP
2020 K Street, NW
Washington, D.C. 20006
Telephone:   202.778.3121
Facsimile:   202.778.3063
Email:       jlevine@porterwright.com

*Counsel for Plaintiff*